UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/10
```

NATIONAL AUDUBON SOCIETY, INC.,

                              Plaintiff,

        -against-

SONOPIA CORPORATION,

                              Defendants.

**ORDER**

09 Civ. 975 (PGG) (FM)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff National Audubon Society, Inc. filed the Complaint in this action on
February 4, 2009 and served Defendant Sonopia Corporation on April 13, 2009. [Docket No. 9]
Defendant never answered or otherwise responded to the Summons and Complaint and its time
to do so has long since expired. The Clerk of the Court issued a certificate of default on October
7, 2009. This Court ordered Defendant to show cause on October 8, 2009, why a default
judgment should not be entered against it. Defendant did not appear on that date. At that time,
the Court referred this case to Magistrate Judge Maas for a report and recommendation
("Report") concerning damages [Docket No. 24]. On September 1, 2010, Judge Maas issued his
Report [Docket No. 32] recommending that Plaintiff be awarded $134,992.67 in contract
damages, $11,107 in attorney's fees, $711.68 for costs and disbursements, and $17,360.42 in
pre-judgment interest.

        The parties' agreement provides for pre-judgment interest at a rate pegged to
Citibank's "prime rate" plus two percent. The Report indicates, however, that Citibank does not
publish a "prime rate" in the United States, and Judge Maas concluded that the applicable rate is
Citibank's "base rate," which fluctuates. Accordingly, the Report recommends that interest

should be calculated as follows:  between May 19, 2008 and October 7, 2008 at a rate of 7.0%,

amounting  to $3,676.24; between October 8, 2008 and October 28, 2008 at a rate of 6.5%,

amounting to $480.80; between October 29, 2008 and December 16, 2008 at a rate of 6.0%,

amounting to $1,087.33; and between December 17, 2008 and September 1, 2010 at a rate of

5.25%, amounting to $12,116.05.  This Court concludes that for the period between September 2,

2010 and December 21, 2010, the applicable interest rate is 5.25%, yielding $2,135.84.

Accordingly, pre-judgment interest through December 21, 2010 amounts to $19,496.26.

       The Report was mailed to Defendant on September 2, 2010.  On October 18,

2010, it was returned as undeliverable.[1]  To date, neither party has filed objections to the Report.

The Report recites the requirement that the parties must file objections within fourteen days of

service, pursuant to Fed. R. Civ. P. 72(b), and the consequences for failure to timely object.

Where, as here, notice has been given of the consequences of a failure to object,[2] and there are

no objections, the Court may adopt the report and recommendation without <u>de novo</u> review.  <u>See</u>

<u>Mario v. P & C Food Mkts., Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear

notice of the consequences, failure timely to object to a magistrate's report and recommendation

---

[1]  The Report was mailed to Defendant at its last known address in Kiev, Ukraine.  Sonopia appears to have ceased operations in April 2008.  (Pinto Decl., ¶¶ 10-13)

[2]  Although the Report was returned as undeliverable, service at the Defendant's last known address is adequate for notice purposes.  <u>See J & J Sports Prods., Inc. v. Potions Bar & Lounge, Inc.</u>, No. 08-CV-1825 (FB)(CLP), 2009 WL 763624, at *1 n.1 (E.D.N.Y. Mar. 23, 2009 (noting that where an R&R was sent to the defendants' last known address and returned as undeliverable, clear notice was given of the consequences for a failure to timely object to the R&R) (citing <u>Junes v. Flowers</u>, 547 U.S. 220, 225 (2006)); <u>see also</u> <u>Zim Am. Integrated Shipping Servs., Inc. v. Caribbean-American Program for Empowerment (USA), Inc.</u>, No. 06-CV-6629 (FB)(MDG), 2007 WL 2903853, at *1 (E.D.N.Y. Sept. 28, 2007) (adopting the R&R without <u>de novo</u> review where "[a] copy of the R&R was sent to defendant's last known address by overnight mail" and no objections were filed" (citation omitted)); <u>La Barbera v. Ingoe Rock Indus., Inc.</u>, No. 06CV-1026 (FB) (JMA), 2006 WL 2829006, at *1 (E.D.N.Y. Sept. 27, 2006); <u>Gillum v. N.Y. State Dep't of Corr., Albany, NY</u>, No. 91 Civ. 3020 (PKL), 1993 WL 212836, at *1 (S.D.N.Y. June 15, 1993).

operates as a waiver of further judicial review of the magistrate's decision."). The Court will

excuse a failure to object and conduct de novo review if it appears that the magistrate judge may

have committed plain error, see Spence v. Superintendent, Great Meadow Corr. Facility, 219

F.3d 162, 174 (2d Cir. 2000); no such error appears here. Accordingly, the Report's

recommendations are adopted in their entirety and judgment will be entered against Defendant

Sonopia Corporation as set forth below.

## CONCLUSION

The Clerk of Court shall enter judgment against Defendant Sonopia Corporation

for Plaintiff in the amount of $166,307.61, representing $134,992.67 in contract damages,

$19,496.26 in pre-judgment interest, $11,107 in attorney's fees, and $711.68 for costs and

disbursements. The Clerk is further directed to close this case. The parties' failure to file written

objections precludes appellate review of this decision. See United States v. Male Juvenile, 121

F.3d 34, 38 (2d Cir. 1997).

Dated: New York, New York
       December 22, 2010

SO ORDERED.

Paul G. Gardephe
United States District Judge